POST *v.* SUPREME COURT, INDEPENDENT ORDER OF FORESTERS.

BENEFICIAL ASSOCIATIONS—CERTIFICATE—BY-LAWS—SUICIDE—IN-SANITY—NOTICE.

> Where the constitution and laws of a mutual benefit society provide that a suicide shall forfeit all claim to benefits unless it shall appear to the satisfaction of the executive council that he was insane, and prior to committing suicide was so known and reported to the supreme secretary, and there is no evidence that insured was so known and reported, or that any such claim was made in the tribunals of the order, there can be no recovery on the certificate.[1]

Error to Saginaw; Snow, J.  Submitted May 4, 1905. (Docket No. 144.)  Decided June 8, 1905.  Rehearing denied December 17, 1906.

Assumpsit by Louisa Post against the Supreme Court of the Independent Order of Foresters upon a benefit certificate. There was judgment for plaintiff, and defendant brings error.  Reversed.

*Dickinson, Stevenson, Cullen, Warren & Butzel* (*J. Shurley Kennary*, of counsel), for appellant.

*W. F. Denfeld*, for appellee.

HOOKER, J.  The plaintiff's husband, Herman Post, was initiated into Court Valley 232, a subordinate branch of the defendant order, on February 3, 1896, and soon after received the benefit certificate dated March 10, 1896, upon which this action was brought, by his widow, after his death by suicide by hanging, on April 24, 1898.  The application made by deceased contains the agreement:

---

[1] As to effect of insanity on condition as to suicide in life insurance policy, see note to *Mutual Life-Ins. Co.* v. *Wiswell* (Kan.), 53 L. R. A. 258.

" That this declaration, together with those answered in my medical examination paper, and the constitution and laws of the order, shall be a part of the contract with the Supreme Court of the Independent Order of Foresters."

The benefit certificate contains the following:

"It is hereby expressly understood and agreed that at the date of any claim accruing, the said brother shall be a member in good standing in the order, and not disqualified according to the constitution, laws, and rules or regulations prescribed from time to time by the Supreme Court of the Independent Order of Foresters.   *   *   *

"I hereby expressly agree that the constitution and laws of the Supreme Court of the Independent Order of Foresters, as well as any and all amendments thereof, which may be adopted from time to time by the said supreme court, shall be a part of the contract.   *   *   *

"I hereby further expressly agree to the provisions of sections 187, 213, 217, 222 and 258 of the constitution and laws of the Supreme Court of the Independent Order of Foresters."

Section 258, expressly agreed to by deceased, is:

"(1) Any member of the order who commits suicide shall ipso facto forfeit all benefits of whatsoever kind, which his beneficiary or beneficiaries, heir, or heirs, or personal representative or representatives, would otherwise have been entitled, under the constitution and laws, to receive from the supreme court, or from the subordinate court of which the deceased was last a member.

"(2) If, however, it is established to the satisfaction of the executive council, or supreme court:

"(a) That the deceased brother at the time of committing suicide was a lunatic or person of unsound mind: provided that the act of suicide alone shall not constitute sufficient grounds for declaring that such person was a lunatic or person of unsound mind; and, provided further, that prior to committing the suicide the brother shall have been known as a lunatic, or of unsound mind, and had been so reported to the supreme secretary as such; and

"(b) that such insanity was not due to, nor caused by intemperance, immorality, evil habits, or misconduct of the deceased, then in such case the benefits shall not be forfeited, as provided in subsection one of this section.

"(3) The onus of proof of the facts set forth in subsection two above shall be upon the beneficiary or beneficiaries, heir or heirs, or personal representative or representatives of the deceased.

"(4) In case the beneficiary or beneficiaries, heir or heirs, or personal representative or representatives fail to establish the facts set forth in subsection two above, to the satisfaction of the executive council or supreme court, all payments that may have been made by such felo de se for any benefit fund of the supreme court shall be repaid to the beneficiary or beneficiaries, heir or heirs, or personal representative or representatives of such felo de se."

Supreme court constitution, § 43, says:

"43. (1) The right of appeal shall be vested in every member of the order, and in case of the death or disability of a member, the right of appeal shall be vested in his beneficiary or personal representative.

"(2) The right of appeal shall also be vested with every high court, subordinate court, or juvenile court, or encampment of Royal Foresters, and an appeal shall lie against the action or decision of any officer, or of any court or encampment, except that of the supreme court, whose action shall be final and conclusive in all cases."

The defendant is an association organized under the laws of Ontario. Proofs of claim for the mortuary benefit were made by the officers of Court Valley No. 232, at Saginaw, and mailed to the headquarters of defendant. The following answer was received in due time:

"I. E. (H) May 19, 1898.

"Court Valley No. 232.
            "X. B. KONKEL, Esq., C. D.,
                    "122 S. Washington St.,
                        "Saginaw, E. S., Mich.

"*Dear Sir and Brother:* We have the proof of claim for mortuary benefit on account of the late Brother Herman Post, who committed suicide on April 24, by hanging himself.

"Section 265 designates the course of procedure to be pursued by subordinate courts on the death of a member. Section 264 relates to the method of procedure at the head office after the claim has been received of the supreme secretary. By the provision of section 258 it

will be seen that the method of procedure as designated in section 264 does not apply when a member commits suicide. The supreme court has reserved to itself and the executive council the passing upon claims of members who commit suicide, as will be seen by section 258 (2). It is therefore not within my province as supreme chief ranger to pass upon this claim.

"Section 258 provides that any member who commits suicide shall ipso facto forfeit all benefits of whatsoever kind that his beneficiaries would otherwise be entitled to receive from the supreme court under the constitutions and laws. But if it be established to the satisfaction of the executive council or supreme court that the deceased brother at the time of committing suicide was a lunatic or person of unsound mind, and that such insanity was not due to nor caused by intemperance, immorality, etc., then in such case the benefit will not be forfeited. The onus of this proof shall be upon the beneficiary.

"The executive council will meet on the 18th of June, and you will therefore be good enough to place the enclosed copy of this letter in the hands of Louisa Post, widow of the late brother, who is the beneficiary named in his benefit certificate and if she desires to submit proofs (affidavits) to prove that the late brother was insane at the time of committing suicide, the same will be considered by the executive council. Until such time this claim will receive no further consideration.

"Fraternally yours in L. B. & C.
"S. R."

Plaintiff acted upon the suggestions given, and employed Lambson & Denfeld, attorneys, who prepared affidavits of several persons, and sent them on June 14th to the defendant. They were duly received. All of the papers were submitted to the executive council at its next regular meeting, and they were considered by it. This body determined to send a member of itself to Saginaw to examine witnesses and report, and this was done. The affidavits taken by him were considered by the executive council, and it was the unanimous opinion of the full committee that the proof offered did not show that Post was insane, a lunatic, or person of unsound mind at the time, or had been so known before he committed suicide, and

the matter was referred to the supreme court of the order, which was to and did afterwards meet on August 28, 1898. All of the papers were laid before it, and the matter was referred to its standing committee on appeals, and on September 3, 1898, this committee reported the claim, together with all of the papers referred to, with the recommendation that the claim be disallowed. The matter was fully considered by the supreme court, and after such consideration the report and recommendations were by resolution unanimously adopted by the supreme court.

Section 258, hereinbefore quoted, precludes recovery of benefits where the insured commits suicide. That is the rule, from which the beneficiary can be relieved only by satisfying the executive council or supreme court (1) that deceased was at the time of the suicide of unsound mind; (2) that prior thereto he shall have been known and reported to the supreme secretary as such. There is nothing in the case to indicate that the case was ever so reported to the supreme secretary, or that any such claim was made in the tribunals of the order, nor is any such claim made in this case. The court should have directed a verdict for the defendant, instead of allowing the case to go to the jury. It is unnecessary to pass upon other questions.

The judgment is reversed, and a new trial ordered.

MOORE, C. J., and CARPENTER, MCALVAY, and BLAIR, JJ., concurred.